UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROLAND F. TULLIER** | **CIVIL ACTION** |
| **VERSUS** | |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY** | **NO. 07-77-FJP-CN** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, January 22, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROLAND F. TULLIER                                                           CIVIL ACTION

VERSUS

MICHAEL J. ASTRUE, COMMISSIONER                      NO. 07-77-FJP-CN
OF SOCIAL SECURITY

## MAGISTRATE JUDGE'S REPORT

Plaintiff, Roland F. Tullier, seeks judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits (DIB) under Title II of the Social Security Act and supplemental security income (SSI) under Title XVI of the Social Security Act (the Act).  In making that final decision, the Administrative Law Judge (ALJ) reached the fifth step of the five-step sequential disability analysis set forth in 20 C.F.R. § 416.920(b)-(f).[1]

## FACTS AND PROCEDURAL HISTORY

On December 6, 2004, Plaintiff protectively filed an application for disability insurance benefits and supplemental security income, alleging disability since November 1, 2004, due to a back injury, and problems with the left knee and foot. (Tr. 35-38, 48, 124-126.) Plaintiff's applications were initially denied and on August 6, 2004, plaintiff requested a hearing before an ALJ. (Tr. 24.)  On August 11, 2006, plaintiff appeared at an administrative hearing and was represented by counsel.

On August 25, 2006, after reviewing the evidence and hearing testimony, the ALJ rendered a decision that claimant was not disabled. (Tr. 8-15.)  The ALJ found plaintiff had

---

[1]  Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988).

2

not engaged in substantial gainful activity since November 1, 2004. (Tr. 12, Finding 2.) He further found plaintiff's obesity, back disorder, osteoarthritis of the left knee, and plantar fasciitis of the left foot were severe impairments, but they did not meet or medically equal a listed impairment. (Tr. 12, Finding 3-4.)  The ALJ also found plaintiff's subjective complaints were not fully credible, and that plaintiff had the residual functional capacity (RFC) to perform sedentary work, which involves lifting no more than ten pounds at a time, sitting for no more than six hours in an eight hour day, and standing or walking for two hours in an eight hour day. (Tr. 13, Finding 5.)  After finding that plaintiff had the RFC for sedentary work, the ALJ determined that plaintiff could not perform his past relevant work as a construction helper, classified as medium work in the Dictionary of Occupational Titles. (Tr. 14, Finding 6.)  Because plaintiff is considered to be a younger individual, has limited education and work experience, and has an RFC for sedentary work, the ALJ determined that plaintiff could perform other sedentary jobs available in the national economy, pursuant to the Medical-Vocational Guidelines (Grids) Rule 201.25.[2]   Therefore, the ALJ  denied plaintiff's applications for DIB and SSI.

On December 2, 2006, the Appeals Council denied plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. (Tr. 3-8.)  Plaintiff now seeks judicial review of the August 25, 2006, decision pursuant to 42 U.S.C. § 405(g).

## **ANALYSIS**

In reviewing the ALJ's decision denying disability income benefits and supplemental security income benefits, the Court is limited to two inquiries: (1) whether the decision is supported by substantial evidence in the record as a whole, and (2) whether the ALJ

---

[2] *See,* 20 C.F.R. Pt. 404, Subpart P, App. 2, Table No. 1, Rule 201.25.

applied the proper legal standard.[3]  In applying the "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision exists, but the Court may not reweigh the evidence in the record, nor try the issues de novo, nor substitute its judgment for the ALJ's even if the evidence preponderates against the ALJ's decision.  Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion.  A finding of "no substantial evidence" will be made only where there is a conspicuous absence of credible choices or an absence of medical evidence contrary to the claimant's position.[4]  If substantial evidence supports the administrative finding, we may then only review whether the ALJ applied the proper legal standards and conducted the proceedings in conformity with the applicable statutes and regulations.[5]

The burden of proof in disability income benefits cases and supplemental security income cases rests upon the claimant.[6]  The claimant bears the burden of proof with respect to the first four steps of the five-step sequential analysis.  At step three, in order to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the

---

[3] Perez v. Barnhart, 415 F.3d 457 (5th Cir. 2005); Boyd v. Apfel, 239 F.3d 698 (5th Cir. 2001).

[4] Id.

[5] Cook v. Heckler, 750 F.2d 391, 393, citing Hernandez v. Heckler, 704 F.2d 857, 859 (5th Cir. 1983); Bormey v. Schweiker, 695 F.2d 164, 168 (5th Cir. 1983), cert. denied ---- U.S. ----, 103 S. Ct. 3091, 77 L.Ed.2d 1351 (1983)("...we must also determine whether... [commissioner] applied the proper legal standard... and whether the proceedings below were conducted in conformity with the applicable statutes and regulations.")

[6] Brown v. Apfel, 192 F.3d 492, 497-498 (5th Cir. 1999); Jones v. Heckler, 702 F.2d 616, 620 (5th Cir. 1983).

appendix to the regulations.[7] Then, if at step four the claimant can prove that he no longer is able to work in his past relevant work, then and only then does the burden shift to the ALJ to establish that the claimant nonetheless has the ability to engage in other substantial gainful activity.[8]

In the instant case, the ALJ found plaintiff not disabled at step five of the sequential analysis because he could perform other sedentary work existing in the national economy, pursuant to Grid Rule 201.25, which provides for a finding of no disability when an individual with an RFC for sedentary work is eighteen to forty-four years old (plaintiff was 37 at the time of the hearing), has a limited education, and skilled or semiskilled work experience that is not transferable.[9]

In his brief, plaintiff raises two issues: 1) whether the ALJ improperly dismissed the opinion of Douglas Davidson, MD; and 2) whether the ALJ made a proper credibility finding. Plaintiff does not contest any of the other findings by the ALJ.

### A. Evaluation of Dr. Davidson's Opinion

Plaintiff appeals the ALJ's decision and argues that the ALJ improperly dismissed the opinion of Dr. Davidson without explaining his reasons. Dr. Davidson performed a consultative examination on January 14, 2005. (Tr. 13, 86-88.) Dr. Davidson found plaintiff's grip strength was 5/5, no tremors, paralysis or atrophy, a normal gait and stance, normal tandem walking, and that plaintiff could sit and stand without difficulty. He also reported a normal range of motion in all joints, normal curvature of the spine and negative

---

[7] Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002).

[8] Rivers v. Schweiker, 684 F.2d 1144, 1155-1156 & n.14 (5th Cir. 1982).

[9] See, 20 C.F.R. Prt 404, Subpart P, App.2, Table No. 1, Rule 201.25.

straight leg raising bilaterally. Dr. Davidson found no crepitus, instability, deformity, spasm, redness, swelling or tenderness of any bone, joint or muscle. (Tr. 87.) Dr. Davidson further noted that while plaintiff stated that he could not work since November 1, 2004, due to pain from a 1989 back injury, left knee and heel pain, plaintiff had not seen a doctor since 2001, and is not taking any medications. (Tr. 86.). In his report, Dr. Davison concluded that the claimant could lift and carry, as well as push and pull, seventy-five to one-hundred pounds. This statement would be consistent with the demands of heavy work.[10]

Plaintiff would like the Court to conclude that the ALJ erred in not giving Dr. Davidson's opinion controlling weight. Had the ALJ done so, his ultimate finding would be one of not disabled. Dr. Davidson did not state the plaintiff was disabled and clearly found him capable of working at a much higher exertional level than the ALJ. Plaintiff cites to the itemized list of problems on Dr. Davidson's report, i.e. chronic low back pain, left knee pain, mild crepitus, left heel pain secondary to plantar faciitis, obesity, headaches, nicotine addiction, and Possible HTN (Tr. 88.) However, his opinion regarding plaintiff's abilities to lift, carry, walk and sit are not consistent with this list. The Court notes that while the ALJ did not consider Dr. Davidson's opinion as controlling, his opinion came to the same conclusion as the of the ALJ in that plaintiff was not disabled. The ALJ, in fact, found plaintiff to have a more restrictive RFC than that indicated by Dr. Davidson.

In making his RFC determination, the ALJ points out that he considered plaintiff's obesity, back pain, osteoarthritis of the left knee and foot pain by limiting plaintiff to sedentary work. (Tr. 13.) While the ALJ did not itemize or name the specific reasons for his decision to disregard Dr. Davidson's opinion, there is sufficient evidence in the record

---

[10] 20 C.F.R. §§ 404.1567(d), 416.967(d).

to contradict his opinion and sufficient evidence in the record to support the ALJ's finding that plaintiff had the RFC to perform sedentary work.

The ALJ also considered plaintiff's history of obesity and x-ray findings showing fairly extensive osteoarthritis of the left knee, marked degenerative changes, disc space narrowing and sclerosis and vacuum discs at L1-2. (Tr. 13, 90.) Plaintiff points to these x-ray records in his argument. However, as the ALJ discussed in his opinion, plaintiff did not seek regular treatment for any of these impairments. The only other medical treatment was in January 2005, at the emergency room of Earl K. Long Medical Center, where plaintiff complained of low back pain and knee pain. (Tr. 103.) While the attending physician diagnosed plaintiff with chronic low back pain and with being grossly obese, he also noted that plaintiff could resume normal activities. There is no other medical evidence in the record assessing plaintiff with functional limitations. The Fifth Circuit has held that for there to be a finding of no substantial evidence there must a conspicuous absence of credible choices or no contrary medical evidence.[11] As above stated, there is evidence to support the ALJ's finding that plaintiff could perform sedentary work.

### B. Evaluation of Plaintiff's Subjective Complaints of Pain

Plaintiff argues that the ALJ failed to explain discuss or explain his complaints of pain in accordance with listing 1.00 which directs that it is "important to evaluate the intensity and persistence of such pain or other symptoms carefully in order to determine their impact on the individual's functioning under these listings at 1.00B.(2)b.(2)d. As mentioned above, the ALJ found plaintiff's impairments of obesity, back disorder, osteoarthritis of the left knee and plantar fasciitis of the left foot were severe impairments,

---

[11] Perez v. Barnhart, 415 F.3d 457 (5th Cir. 2005); Boyd v. Apfel, 239 F.3d 698 (5th Cir. 2001).

but found, after reviewing the medical evidence, that they did not meet or medically equal a listed impairment.[12]  In order to meet a listed impairment, a plaintiff must show that he meets all the requirements of a listed impairment.[13]  Other than stating that the ALJ should have explained pain in accordance with the Listing 1.00, plaintiff fails to point to any specific listing or medical evidence to support a finding that plaintiff meets a listing.  The Fifth Circuit case law and the regulations clearly recognize that at step three of the evaluation process the burden remains on the plaintiff to establish that his impairment meets or equals an impairment enumerated in the listings.  Moreover, that burden is to provide and identify medical signs and laboratory findings that support all criteria for a listed impairment.[14]  Plaintiff has not met this burden.

With regard to plaintiff's complaints of pain, the ALJ points out that while the plaintiff used a cane at the hearing, he does not use it everyday, and it the record shows that a doctor did not prescribe the cane for him. (Tr. 14, 84.) He also pointed out that plaintiff does not take any prescription medication and treatment of his impairments has been very irregular. (Tr. 14, 104.)  Although plaintiff states that he could not work after November 1, 2004, due to his back pain, knee and foot pain, he did not seek regular medical treatment. (Tr. 48.)  As defendant Commissioner points out, plaintiff reported that he sought medical treatment at the Charity Hospital from January through April 2005, for pain management and gastric bypass evaluation, however, the record includes only one report from this time

---

[12] In his decision, the ALJ specifically considered whether plaintiff met Listing 1.04 (Disorders of the Spine), but found the medical evidence did not support such a finding. (Tr. 13.)

[13] Sullivan v. Zebley, 493 U.S. 521, 530 91990)(claimant must manifest all the specified criteria of a particular listing to qualify for a disability under that listing.)

[14] Selders v. Sullivan, 914 F.2d 614, 619 (5th Cir. 1990); 20 C.F.R. § 1520(d).

period, dated January 20, 2005, and it indicates that plaintiff could resume <u>normal</u> activities. (Tr. 67, 103-104.)  A plaintiff's allegations of disabling pain may be discredited by evidence that he has received only minimal medical treatment and/or has taken only occasional pain medications.[15]   That appears to be the present case.  For pain to rise to the level of disabling, that pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment."[16]  There is no medical evidence to support that plaintiff's pain is constant, unremitting and unresponsive to treatment.

Therefore, contrary to plaintiff's argument, the ALJ did consider plaintiff's complaints of pain,  however he found that the record evidence did not support his subjective complaints, and therefore found them not to be credible.  The Court finds that there is substantial evidence to support the ALJ's conclusion that claimant does not meet a listed impairment and that plaintiff has failed in his burden to prove otherwise.  The Court further finds that the ALJ followed the proper legal standard in making this determination and that plaintiff's complaints of pain were not fully credible.

For the above reasons, the Court finds that 1) there is sufficient evidence in the record to support the ALJ's decision; 2) the ALJ followed the proper legal standards in making his decision that claimant's impairment does not functionally equal any listed impairment found in Appendix 1; and 3) the ALJ was correct in finding claimant not disabled.

---

[15]  <u>Edwards v. Barnhart</u>, 314 F.3d 964, 967 (8th Cir. 2003).

[16]  <u>Chambliss v. Massanari</u>, 256 F.3d 520, 522 (5th Cir. 2001).

**RECOMMENDATION**

Accordingly, it is recommended that the ALJ's decision be affirmed and that the Plaintiff's appeal be dismissed, with prejudice, and judgment be entered accordingly.

Signed in chambers in Baton Rouge, Louisiana, January 22, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**